MUSSEY V. BUDD ET AL.

1. RELINQUISHMENT OF DOWER.

A relinquishment of dower by the wife in accordance with the requirements of the statute, joining in a mortgage with her husband, which mortgage is supported by a consideration valid between the husband and the grantee, operates as a complete relinquishment of dower by the wife, and such premises may on foreclosure proceedings be ordered sold free from any right of dower that the wife had.

2. WHAT CONSIDERATION WILL SUPPORT A MORTGAGE.

A mortgage given to secure an existing indebtedness, in which the consideration is past, is as good and valid as if executed upon a present consideration A prior or subsequent consideration is all that is requisite

HALE, J.

The case of *Mussey* v. *Budd et al.* is in this court by appeal from the court of common pleas, and has been submitted upon the testimony.

The case involves a point of law that has not been determined by our supreme court so far as we are able to find.

We find from the evidence submitted on the hearing and statement of conceded facts made by counsel, that the plaintiff, Mussey, and the principal defendant, Geo. A. Budd, for some years prior to the execution of this mortgage had been associated together as partners in business. Mr. Mussey being the responsible member of the firm, giving to the firm its credit by which it was enabled to borrow means to prosecute the business.

The management of the business, however, was almost wholly in charge of Budd.

On the 29th day of January, 1895, Mussey became surety for Budd upon a promissory note of $5,000, the particular form in which that obligation was assumed by Mussey is not essential to state; but it is conceded that the note, although made by Budd & Company, payable to the order of Mussey, was indorsed by Mussey for the accommodation of Budd individually, and that he had the proceeds of the note.

On the 11th day of February of the same year Budd drew a bill of exchange upon Geo. A. Budd & Company, payable to the order of Mussey for the sum of $7,500, which Mussey indorsed over to the bank and became liable as indorser thereon, and this, it is conceded was for the individual benefit of Budd.

On the 8th day of March, before the maturity of either of these obligations to which I have referred, Budd, his wife joining in the release of dower, executed to Mussey the mortgage, which is sought to be foreclosed, to secure Mussey from any liability that he had assumed upon both of these pieces of paper to which I have referred.

The wife alone answers, that the mortgage is not good and valid as to her, has no effect whatever upon her right of dower, for the reason that at the time the mortgage was executed no consideration moved either to her or her husband.

It further appears from the evidence that at the time Mussey assumed the obligation upon this paper he supposed that the firm of Budd & Company, was in a fairly prosperous condition, and was wholly unaware of the true condition of the business of the firm.

On the 8th day of March, the date of this mortgage, or a day or two prior thereto, Mussey ascertained that the firm was utterly insolvent as a firm, and to meet the obligations of the firm necessitated the appropriation of more than three hundred thousand dollars of his individual property. A perfect cyclone struck the business, and to save himself as well as he might under the circumstances this mortgage was executed by Budd and wife upon a lot which Budd owned in this city.

Under the circumstances is that mortgage good as against Mrs. Budd? Clearly the mortgage is entirely valid as to Budd. A prior or a subsequent consideration is all that is requisite.

Mortgages are frequently given to secure an existing indebtedness, in which case of course the consideration is wholly a past one. And it is uniformly held that a mortgage executed upon such a consideration is as good and valid as if executed upon a present consideration.

Of course we meet a different question when we consider the effect that a conveyance made upon such a consideration should have upon the release of dower, and it has been a matter of very careful investigation by us and of very much discussion between members of the court.

We hold that a relinquishment of dower by the wife in accordance with the requirements of the statue, joining in a deed with her husband, which deed is supported by a consideration valid between the husband and the grantee, operates as a relinquishment of dower by the wife.

There is a case reported in the 24 Fla., page 71, in which the proposition substantially as I have stated it, is held by the court. Of course it is not this case, nor do we find any case exactly like the one we are considering. Another case reported in the 8 Iowa, page 358, somewhat in point: Hobart and wife executed a mortgage to secure an indebtedness of the firm of which Hobart was a member.

The notes secured by the mortgage were dated prior to the execution of the mortgage, and matured after its execution, being the precise state of facts we have here as to the condition of the notes.

The proposition was made in that case as here, that there was no consideration for the mortgage, and therefore that it could not be enforced; but the court held that the indebtedness of the firm, of which Hobart was responsible as a member, was ample consideration to support the mortgage, although the notes had been executed prior to the making of the mortgage; an account was taken of the amount due, and the premises ordered sold to pay the indebtedness.

The report of the case is not very full, and it does not appear that a contest was made in behalf of the wife individually, except as the defense was made in behalf of both husband and wife; but under the facts of that case, the same objection could have been made as is urged here. If the deed in which the wife has joined, relinquishing her dower, is a valid conveyance, we see no reason why the wife should not be bound by her relinquishment of dower in such deed.

We are well aware that the right of dower of the wife in the lands of the husband has been held by our supreme court to be property. It is property, however, of a peculiar kind, of which there is no present enjoyment. It is both inchoate and contingent.

This right can be released by the wife upon any good and valuable consideration moving to the husband; and if the husband for a good and valuable consideration pledge the property in which the wife has a contingent right of dower for the payment of his debts, the wife joining in the conveyance, releasing her right of dower, we hold that she is bound by such release.

Coming to this conclusion, it follows that a decree of foreclosure shall be entered, and the premises ordered sold, free of the right of dower of Mrs. Budd.